**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY KRAVITZ,

    Petitioner,

v.

    Case No.: 8:15-cv-581-T-24-MAP
    Cr. No.:   8:13-cr-565-T-24-MAP

UNITED STATES OF AMERICA,

    Respondent.
_____

## ORDER

This cause comes before the Court on Petitioner Anthony Kravitz's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Cv. Dkt. 1). The Government filed a response in opposition (Cv. Dkt. 4), to which Petitioner filed a reply (Dkt. 7).

**I.   BACKGROUND**

Petitioner Anthony Kravitz was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) – Count One; and possession of a silencer that was not registered to him, in violation of 26 U.S.C §§ 5861(d) and 5871 – Count Two. Petitioner plead guilty to both counts of the indictment on February 27, 2014. On June 25, 2014, this Court sentenced Petitioner to 60 months' imprisonment on both counts to run concurrently, to be followed by 36 months supervised release. Petitioner timely filed the instant § 2255 motion.

**II.   MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

In the instant motion, Petitioner asserts he is entitled to relief based on ineffective assistance of counsel. Petitioner also requests and evidentiary hearing.

### A. Ineffective Assistance of Counsel

Petitioner's motion alleges that his trial counsel's "failure to object to the (4) level upward enhancement under U.S.S.G. 2K2.1(b)(6)(B)" deprived him of his right to effective assistance of counsel, and that counsel's failure to object prejudiced him. (Cv. Dkt. 1 at 3). Petitioner has failed to make a showing necessary to satisfy the standard for ineffective assistance of counsel, therefore, Petitioner's motion is denied.

Petitioner must satisfy two requirements to establish that he received ineffective assistance of counsel. *Strickland v. Washington*, 104 S. Ct. 2052, 2064 (1984). First, Petitioner must establish that "counsel's performance was deficient." *Id.* "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Counsel's performance is considered deficient when the attorney's actions "fell below an objective standard of reasonableness." *Id.* Second, Petitioner must establish that "the deficient performance prejudiced the defense." *Id.* To satisfy the second requirement, Petitioner "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "The burden of persuasion is on a petitioner to prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(en banc).

Petitioner argues that during sentencing, the government requested a four-level enhancement of Petitioner's sentence based on the firearm sale being in connection with the sale of Dilaudid pills. Petitioner argues that because his possession of a firearm was not connected with another crime (the uncharged sale of Dilaudid) that counsel should have objected to the four-level enhancement. Specifically, Petitioner argues that the sale of the Dilaudid pills was not connected

to his possession of a firearm because the Petitioner was never in possession of both simultaneously, as the firearm was previously secured by the Detective before the sale of the Dilaudid. (Cv. Dkt. 1, at 5). However, as the record reflects, the two crimes happened minutes apart and were part of a continuous transaction. (Cv. Dkt. 4, at 6).

Petitioner's argument fails as to both prongs of the *Strickland* test because Petitioner has not made a showing that the counsel's performance was deficient nor a showing of prejudice. Petitioner fails to assert any facts showing that the outcome of the sentencing would have been different had his trial counsel objected to the four-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(B). The enhancement, applies "if the firearm or the ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. N. 14(A)). The enhancement applies regardless of whether a criminal charge was brought or a conviction obtained where a drug and gun transaction occurs "virtually simultaneously." U.S.S.G. § 2K2.1, cmt. n. 14(C); *see also United States v. Boylen*, 511 Fed. App'x 950 (11th Cir. 2013). Petitioner has not established the relevant facts sufficient to make a showing that the two crimes were not "virtually simultaneous." Counsel cannot be faulted for failure to object if counsel's objection would have had little chance of succeeding. Petitioner has not established with a reasonable probability that the outcome of the sentencing would have been different had defense counsel objected. Therefore, Petitioner is not entitled to relief on his claim.

### B. Request for Evidentiary Hearing

Petitioner requests an evidentiary hearing on his motion. Petitioner bears the burden of establishing the need for an evidentiary hearing. *See Birt v. Montgomery*, 725 F. 2d 587, 591 (11th Cir. 1984)(en banc). In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual

3

allegations, which, if true, would entitle the applicant to federal habeas relief. *See Chavez v. Sec'y Florida Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). If a petitioner "does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing." *Id.*

As discussed above, the allegations in Petitioner's § 2255 motion are without merit. Accordingly, he is not entitled to an evidentiary hearing. *See Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)(indicating that an evidentiary hearing on a § 2255 petition is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief).

### C. Application for Certificate of Appealability

Finally, the Court must consider whether Petitioner has raised any issues that entitle him to appeal. A prisoner seeking to vacate his sentence has no absolute entitlement to appeal a district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. ("COA"). *Id.* "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at §2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S. Ct. 2562, 159 L.Ed.2d 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S. Ct. 3383, 77

4

L.Ed.2d 1090 (1983)). Petitioner has not made the requisite showing. Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis.*

### III.   CONCLUSION

Petitioner's Motion under 28 U.S.C. § 2255 motion is **DENIED.** The Clerk is directed to enter judgment in favor of the United States and close the civil case.

**DONE AND ORDERED** at Tampa, Florida, this 23rd day of July, 2015.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Pro Se Defendant

5